In re Von Edward HERBST and Barbara Herbst, Debtors.

**L.D. FITZGERALD, Plaintiff,**

v.

**Von Edward HERBST, Defendant.**

**Adv. No. 82–0100.**

United States Bankruptcy Court, D. Idaho.

Dec. 1, 1983.

D. James Manning of Manning, Holmes & Winmill, Chartered, Pocatello, Idaho, for plaintiff.

Robert M. Kerr, Blackfoot, Idaho, for defendant.

## MEMORANDUM DECISION AND ORDER GRANTING MOTION TO AMEND

M.S. YOUNG, Bankruptcy Judge.

Plaintiff trustee brought the instant action under 11 U.S.C. 727(a) objecting to entry of defendant's discharge.[1] This action was filed approximately one week prior to the bar date set by order of this Court under Interim Rule 4004 and Rule of Bankruptcy Procedure 404(a). Count I of the complaint alleges failure of the debtor to obey an order of the Court requiring amendments to schedules to be made and a statement of affairs to be filed. Count II alleges defendant transferred, removed or concealed a number of assets of the estate with the intent to defraud creditors and further testified falsely concerning the same during a Rule 205 examination held in May, 1981.

Discovery has been extensive in this action since its filing in February, 1982. In December, 1982, following a number of continuances of trial settings due to the depth of discovery, plaintiff moved for an indefinite continuance based upon the fact that defendant had been indicted by a federal grand jury for aiding and abetting Mary Ellen Christensen in defrauding a federally insured bank. That motion was granted without opposition. Plaintiff indicated at that time that, should resolution of the criminal prosecution indicate other grounds existed for opposing discharge (plaintiff alleging defendant asserted at the time of

---

1. Defendant's wife and co-debtor was originally named as a party to this action but was subse-
quently dismissed. All references are to defendant debtor Von E. Herbst alone.

the Rule 205 examination that the transactions with Christensen were normal and that he was not involved in any scheme to defraud the bank), amendment of the complaint would be requested.

In October, 1983, plaintiff moved to amend the complaint to assert Count III alleging that defendant made a false oath at the Rule 205 examination and during his deposition in this proceeding. The predicate of this allegation is the conviction of defendant in the criminal action following his plea of guilty.

Defendant has opposed the amendment of the complaint on a number of grounds. Argument was heard and counsel have submitted written authority. I reach the following conclusions.

■ Defendant contends the plaintiff is barred under the doctrine of laches. There was no unreasonable delay in plaintiff's assertion of this claim. Plaintiff made his position known in December, 1982, at the time of indictment, and both parties have been fully apprised of the fact that the ongoing criminal prosecution may have a bearing on the discharge matters before this Court. I thus find no laches.

Defendant also urges that, since the time set by order of this Court for filing of complaints objecting to discharge has passed, plaintiff cannot amend his complaint to allege defendant's false oath in regard to the bank fraud, because to do so is to allege a new claim after the bar date.

Plaintiff asserts that the amendment "relates back" to the date of the filing of the initial complaint pursuant to F.R.C.P. 15(c). That rule allows an amendment asserting an additional claim to relate back only when it "[arises] out of the conduct, transaction, or occurrence set forth ... in the original pleading." Count II of the complaint alleges that defendant made false

oath but does so in regard to his failure to disclose possession and/or transfer of a large number of assets. Though the legal basis of the Counts II and III is the same, and to a degree the complained of "conduct" of defendant is the same, it appears that plaintiff's proposed additional claim does not arise out of the same "transaction or occurrence" as the original complaint.

Had a discharge been entered, which would have occurred if trustee had not brought the present adversary action, he could seek to revoke discharge under § 727(d)(1) based upon post-discharge discovery of defendant's allegedly false testimony concerning the bank fraud.[2]

No case law has been presented to the Court or unearthed by research directly addressing the situation presented herein. The general rule that additional grounds are not to be presented by amendment of a § 727(a) complaint has been cited in a few cases, but each is distinguishable. The authors of 4 *Collier on Bankruptcy* (15th Ed. 1982) at ¶ 727.14[4], p. 727–88 through 727–90, state:

"Allowance of amendments lies in the discretion of the trial court, and refusal to permit amendment is not subject to review on appeal except for abuse of discretion. Nevertheless the courts are required to allow amendments freely, and refusal should be placed on some valid ground, such as that the party has not offered the amendment in good faith or that it will result in prejudice.

But, to be amendable, the complaint must have at least stated a ground of objection originally. Of course, if the amendment would be subject to a motion to dismiss, it would be an idle gesture for the court to allow the amendment, and refusal to grant leave to amend in such a case has been held a proposed amendment. The mere fact that an amendment

---

**2.** Section 727(d)(1) states:

"On request of the trustee or a creditor, and after notice and hearing, the court shall revoke a discharge granted under subsection (a) of this section if ... such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such

fraud until after the granting of such discharge."

In my view, this reference to fraud includes, but is not limited to those specified grounds for denial of discharge sounding in fraud included in the ennumerated exceptions of § 727(a) including (a)(4)(A), that for false oath or account.

is offered late in the case is, however, not enough to bar it. When issues not raised by the pleadings are tried by express or implied consent of the parties, the pleadings may be amended to conform to the evidence upon motion made at any time, even after judgment.

But after expiration of the time fixed by the court for the filing of a complaint objecting to discharge, additional or new grounds of objection may not be added by way of amendment, *unless* the court first grants an extension of time or the *debtor has concealed facts until that time, or the grounds would be sufficient for a revocation of the discharge.* To permit an amendment which brings in a new ground of objection after the time fixed for filing complaints objecting to discharge under circumstances other than as noted above would tend to defeat Bankruptcy Rule 404(a) which is intended to compel diligent prosecution of objections and permit prompt disposition of the question of the debtor's right to a discharge." [Emphasis added.]

I find the emphasized language persuasive.

Here the gravamen of all counts asserted by the trustee is that defendant knowingly and intentionally concealed matters pertinent to the administration of the bankruptcy estate and his right to a discharge, and did so not only by failing to file, after Court order, a statement of affairs but also through knowingly false testimony at the Rule 205 examination and thereafter.

I conclude, under the above circumstances, that the amendment should be granted. Though not precisely under the relation back doctrine of F.R.C.P. 15(c), the actions complained of were known to defendant. Plaintiff's reliance on the grand jury indictment and the pending criminal prosecution was known to defendant some ten months prior to the motion to amend. The inter-relationship of the criminal prosecution and the bankruptcy discharge litigation is self-evident.

Most importantly, I find that the inability of trustee to raise this allegation was at least partially due to the concealment of the facts surrounding the bank fraud from the trustee. Had the trustee not had other grounds for opposing discharge, and discharge been entered, this concealment and the later knowledge imparted to the trustee by the fact of indictment would be sufficient grounds to seek revocation of that discharge under § 727(d)(1).

The motion of plaintiff is therefore granted. An amended answer is to be filed within ten days of service of this decision and order.

IT IS SO ORDERED.